PER CURIAM.
The state appeals a trial court order granting appellees’ motion to suppress physical evidence seized pursuant to a search warrant. The trial court apparently found that the application and affidavit for search warrant failed to demonstrate the necessary probable cause to justify issuance of the warrant.
The application and affidavit for search warrant fails to set forth any facts showing probable cause to justify issuance of a warrant to search the inside of the appellees’ residence. Accordingly, we affirm suppression of the evidence seized within appellees’ residence.
The application and affidavit does, however, set forth sufficient probable cause to support issuance of a search warrant to search the outside area surrounding appel-lees’ residence. Unfortunately, the officer’s return setting forth the items seized pursuant to the warrant does not indicate which items, if any, were seized outside the residence. Additionally, neither the motion nor the court’s order granting suppression indicates whether any of the items were seized outside the residence and, if so, whether those items are also suppressed. To the extent that the trial court’s order suppressed items seized outside appellees’ residence, it is reversed.
This case is remanded for further proceedings consistent with this opinion, including issuance of an order by the trial court clarifying that the only items suppressed are those which were seized inside the appellees’ residence.
AFFIRMED in part, REVERSED in part, and REMANDED.
MILLS, SHIVERS and ZEHMER, JJ., concur.